UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
HENRY SANTIAGO CHICAIZA-VELASTEGUI,

Petitioner,

- against -

ROBERT BROWN, in his official capacity as Warden, Metropolitan Detention Center, *et. al*.,

Respondents.
-----------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-7143 (PKC)

PAMELA K. CHEN, United States District Judge:

On November 5, 2026, Henry Santiago Chicaiza-Velastegui ("Petitioner") filed a petition for a writ of habeas corpus to challenge the lawfulness of his detention stemming from his arrest on October 28, 2026[1] by United States Immigration and Customs Enforcement ("ICE"). For the following reasons, the Petition is GRANTED, and Petitioner must be released immediately.

## BACKGROUND

Petitioner is a citizen of Ecuador who entered the United States without inspection on or about June 13, 2019. (Pet., Dkt. 1, ¶ 1.) Shortly thereafter, United States Border Patrol ("USBP") took Petitioner into custody, where he was issued a Notice to Appearance ("NTA") charging him as inadmissible pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (Decl. of Officer John Cordero Perez, Dkt. 9, ¶¶ 6–7.) Petitioner was then released on his own recognizance. (*Id.* ¶ 9.) On August 4, 2020, the NTA was filed with the Executive Office of Immigration Review, which commenced removal proceedings against him. (*Id.* ¶ 11.)

[1] Petitioner alleges that he was arrested on November 4, 2026. (Pet., Dkt. 1, ¶ 1.) Since the Court does not base its decision on the date of arrest, it assumes for the purposes of this Memorandum and Order the accuracy of Respondents' account on this point.

On October 8, 2026, ICE issued a Form I-200, "Warrant for the Arrest of Alien," and arrested Petitioner on October 28, 2026 after finding probable cause to believe he was removable. (*Id.* ¶¶ 19, 21.) After an initial detention at Delaney Hall Detention Facility, Petitioner was transported to Brooklyn Metropolitan Detention Center ("MDC") on October 30, 2026, where he is currently detained. (*Id.* ¶¶ 23–24).

On November 5, 2026, Petitioner filed this instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"), asserting, *inter alia*, that he was wrongfully detained under 8 U.S.C. § 1225(b)(2)(A) ("Section 1225(b)(2)"), rather than 8 U.S.C. § 1226(a) ("Section 1226(a)"), (*see* Pet., Dkt. 1, ¶¶ 37–40), and that his detention violates his due process rights, (*id.* ¶¶ 27–34). The same day, the Court ordered Respondents to show cause why the Petition should not be granted. (*See* Dkt. 4.) Respondents responded to the Order to Show Cause on November 10, 2026, asserting that Petitioner's arrest is governed by the mandatory detention provisions of Section 1225(b)(2). (*See* Gov't's Resp. O.S.C., Dkt. 8, at 2.) Petitioner filed a reply to Respondent's response to the Order to Show Cause the same day. (*See* Dkt. 10.)

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

### I. Section 1226(a) Governs, Not Section 1225(b)(2).

Section 1225(b)(2) states in relevant part that "[a noncitizen] *seeking admission* [who] is not clearly and beyond a doubt entitled to be admitted[ ] . . . shall be detained." 8 U.S.C § 1225(b)(2)(A) (emphasis added). On the other hand, Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a).

In *Barbosa da Cunha v. Freden*, the Second Circuit recently held that Section 1226(a), not Section 1225(b)(2), applied to an asylum seeker who had entered the United States without inspection and had lived in the country for several years. 175 F.4th 61 (2d Cir. 2026). The Circuit stressed that the petitioner was not "seeking admission" under Section 1225(b)(2) because he was not "requesting lawful entry into the United States"—he was, in fact, already in the country, and had been for two decades. *Id.* at 74. Applied here, "[b]ecause Petitioner arrived in [June 2019], and was released on his own recognizance, he was not 'seeking admission' when ICE arrested and detained him in [October 2026], and therefore is not subject to mandatory detention" under Section 1225(b)(2). *See Colindres v. Tellez*, No. 26-CV-0663 (PKC), 2026 WL 509493, at *2 (E.D.N.Y. Feb. 23, 2026) (collecting cases).

Nevertheless, Respondents argue that *Barbosa da Cunha* does not "squarely govern" this case because "rather than being first encountered in the interior years after entry, Petitioner was apprehended shortly after unlawfully crossing the border into the United States." (Gov't's Resp. O.S.C., Dkt. 8, at 3.) Thus, Petitioner falls within the scope of Section 1225(b)(2) because he was "apprehended shortly after unlawfully crossing the border into the United States," notwithstanding his subsequent release and arrest years later. (*Id.*)

This distinction is unavailing. As sister courts have held, following the Second Circuit's reasoning in *Barbosa da Cunha*, "detention of an 'arriving' noncitizen under Section 1225 only

applies to a noncitizen seeking admission *right now*, not to one who, like Petitioner, has already arrived and been present in the United States for over [seven] years." *See Vargas v. Maldonado*, No. 26-CV-5223 (HG), 2026 WL 2606597, at *2 (E.D.N.Y. Sep. 3, 2026) (citation omitted); *see e.g. Villarreal Santillan v. Maldonado*, No. 26-CV-5177 (AMD), 2026 WL 2583130, at *2 (E.D.N.Y. Sept. 1, 2026) (Section 1225(b)(2) does not apply where petitioner entered the United States without inspection, was released on his own recognizance, and was arrested more than three years later); *Moscoso Bravo v. Genalo*, No. 26-CV-5687 (LJL), 2026 WL 2254682, at *3 (S.D.N.Y. Aug. 5, 2026) (petitioner was not "forever 'seeking admission'" where she was apprehended and released on her own recognizance within 14 days of her illegal entry and then was arrested over a year later); *Diosa v. Warden, Metro. Det. Ctr.*, No. 26-CV-4068 (AMD), 2026 WL 2056253, at *2 (E.D.N.Y. July 16, 2026) ("the petitioner, who was previously released on his own recognizance [over two years ago], is currently being detained pursuant to [Section 1226]").

Respondent's attempt to parse the language of *Barbosa da Cunha* fares no better. In Respondent's view, *Barbosa da Cunha* "expressly preserved" Section 1225(b)(2)'s application to noncitizens "apprehended at the threshold of initial entry" and thus to noncitizens, who are treated "as if stopped at the boundary line." (Gov't's Resp. O.S.C., Dkt. 8, at 3 (quoting *Barbosa da Cunha*, 175 F.4th at 75 (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 107 (2020)).) *See also Barbosa da Cunha*, 175 F.4th at 75 (citing *Leng May Ma v. Barber*, 357 U.S. 185, 189 (1958)). However, "Petitioner was not subjected to mandatory detention upon his arrival at the 'threshold' of the country; he was released on his own recognizance and has been detained now only after being present in the country since [2019]." *See Moscoso Bravo*, 2026 WL 2254682, at *4 (quotations omitted). *Thuraissigiam*, which *Barbosa da Cunha* cites for the principle that a noncitizen "apprehended just 25 years from the border" had not "effected an entry," 175 F.4th at

75 (quoting *Thuraissigiam*, 591 U.S. at 107), does not govern this case where Petitioner has "effected an entry" into the United States since his release on his own recognizance and residence here for more than seven years. *See Singh v. Maldonado*, No. 26-CV-00019 (OEM), 2026 WL 233216, at *7 (E.D.N.Y. Jan. 29, 2026). Nor does the Supreme Court's opinion in *Leng May Ma* counsel otherwise. "There, the Supreme Court merely determined that 'a noncitizen paroled into the United States' is not "considered 'legally within the United States.'" *Moscoso Bravo*, 2026 WL 2254682, at *4 (citation omitted). Accordingly, the Court rejects Respondents' attempt to apply "Section 1225 to noncitizens who, like Petitioner, are already in the country and have been for several years." *Guaraca-Tipan v. Blanche*, No. 26-CV-4532 (HG), 2026 WL 2254753, at *2 (E.D.N.Y. Aug. 5, 2026) (collecting cases).

## II. Respondents Violated Petitioner's Due Process Rights

Because Petitioner "was already in the country" when he was arrested on October 28, 2026, his detention is governed by Section 1226(a). *Barbosa da Cunha*, 175 F.4th at 97 (Cabranes, J., concurring); *see also Yin v. Maldonado*, No. 26-CV-0103 (PKC), 2026 WL 295389, at *2 (E.D.N.Y. Feb. 4, 2026) (finding Section 1226(a) governed detention of an individual who was released on his own recognizance). Detention under Section 1226(a) is discretionary; immigration authorities "may release" the non-citizen on bond. 8 U.S.C. § 1226(a)(2). Re-detention under Section 1226(a) requires an immigration officer to exercise discretion to revoke prior release. *See* 8 C.F.R. §§ 236.1(c)(8)–(9); 1236.1(c)(8)–(9).

Here, Respondents effectively admit that they *did not exercise discretion to re-detain Petitioner*; rather, they detained Petitioner under the belief that his detention was mandatory pursuant to Section 1225(b)(2). (Gov't's Resp. O.S.C., Dkt. 8, at 3–4.) As the Court held in *Colindres*, "because Respondents detained Petitioner pursuant to the wrong statute, Petitioner's

due process rights were violated." 2026 WL 509493, at *3 (citing *R.A.R.R. v. Almodovar*, No. 25-CV-6597 (PKC), 2026 WL 323040, at *4–5 (E.D.N.Y. Feb. 6, 2026) (applying balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976), and concluding that the re-detention of the petitioner under Section 1226(a) violated his procedural due process rights where [the] [r]espondents erroneously treated the petitioner as subject to mandatory detention under Section 1225(b)); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 504 (S.D.N.Y. 2025) ("Mr. Barco's redetention pursuant to the wrong statute violated due process."); *M.K. v. Arteta*, No. 25-CV-9918 (LAK), 2025 WL 3720779, at *8–9 (S.D.N.Y. Dec. 23, 2025) ("Having determined that [Section 1225(b)(1)] is inapplicable to [an individual living in the United States for over two years], the [c]ourt concludes that [the individual's] detention pursuant to the wrong statute is unlawful."); *Yao v. Almodovar*, No. 25-CV-9982 (PAE), 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (concluding that "ICE's discretion-free detention of [petitioner] abridged his rights under [Section] 1226 and violated due process," and compiling cases reaching the same solution); *Lieogo v. Freden*, No. 6:25-CV-6615 (EAW), 2025 WL 3290694, at *4–6 (W.D.N.Y. Nov. 26, 2025) (similar)).

Given that Petitioner was not afforded due process prior to his re-detention, the appropriate remedy is release, not an order directing Respondents to give Petitioner a bond hearing. *See Yao*, 2025 WL 3653433, at *11 ("A bond hearing after the fact, by definition, would not and cannot cure [the] constitutional violation. Although [the petitioner's] release today cannot cure his loss of liberty . . . , this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so."); *id*. at *12 (compiling cases holding the same); *Y-C- v. Genalo*, No. 25-CV-6558 (NCM), 2025 WL 3653496, at *7 (E.D.N.Y. Dec. 17, 2025) (concluding that "no relief short of petitioner's immediate release would be appropriate or sufficient" in this case in

light of the constitutional violations suffered). Accordingly, the Court grants Petitioner a writ of habeas corpus and orders Petitioner's release from custody.

**CONCLUSION**

Petitioner Henry Santiago Chicaiza-Velastegui's petition for a writ of habeas corpus pursuant to Section 2241, (Pet., Dkt. 1), is therefore GRANTED.

Respondents are hereby ORDERED to release Petitioner immediately, and no later than November 13, 2026 at 12:00 p.m. ET. Respondents shall release Petitioner subject to the conditions at which he was at liberty before he was detained, without any additional constraints on his liberty, including, but not limited to, electronic or GPS monitoring. Respondents must release Petitioner with all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money.

Respondents shall confirm compliance with these directives in a filing on the docket by November 13, 2026 at 5:00 p.m. ET.

Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments) without prior notice to and authorization from the Court.

Respondents shall not re-detain Petitioner without first moving before this Court to demonstrate compliance with all applicable regulatory, statutory, and constitutional requirements necessary to arrest and detain Petitioner. Should Respondents seek to re-detain Petitioner, they are directed to file a motion with the Court that justifies lawful detention. The Court retains jurisdiction to review any subsequent arrest or detention of Petitioner by Respondents to ensure compliance with this Memorandum & Order.

Should Petitioner seek an award of reasonable fees and costs pursuant to the Equal Access to Justice Act, he may do so by filing a letter application on the docket within 30 days of a final judgment in this action. *See* 28 U.S.C. § 2412(d)(1)(B).

The Clerk of Court is respectfully directed to enter judgment consistent with this Memorandum & Order and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 12, 2026
Brooklyn, New York